**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MIGUEL ALFONSO RODRIGUEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-791-J** |
| | ) | |
| **WARDEN OF DIAMONDBACK CORRECTIONAL, et al.** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Ainek Tur Martinez filed this 28 U.S.C. § 2241 habeas corpus petition on April 13, 2026, on behalf of Petitioner Miguel Alfonso Rodriguez, an Immigration and Customs Enforcement (ICE) detainee, alleging various issues in Petitioner's immigration proceedings. Doc. 1. Ms. Martinez signed the petition "On behalf of Petitioner." *Id.* at 2. Ms. Martinez, who states she is Petitioner's wife, does not explain why Petitioner cannot proceed in his habeas proceedings without her acting as his Next Friend. United States District Judge Bernard M. Jones, II referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 3. The undersigned recommends the Court dismiss the petition without prejudice based on Ms. Martinez's failure to follow the Court's rules and orders.

## I. Discussion.

On July 2, 2026, the Court ordered Ms. Martinez to clarify whether she seeks "next friend" status to file the petition on Petitioner's behalf. Doc. 11. And the Court advised Ms. Martinez that if she continued to seek next friend status, she needed to retain counsel or show cause as to why she should be allowed to proceed with representing Petitioner pro se. *Id.* at 2; *see also Bermudez Salas v. Figueroa*, No. CIV-26-178-D, 2026 WL 315066, at *2 (W.D. Okla. Feb. 5, 2026) (explaining that "even if [a pro se next friend] were recognized as Petitioner's next friend, she could not represent Petitioner or sign filings on her behalf, and would have to employ counsel to do so"). As of this date, Petitioner and Ms. Martinez have not responded to the Court's order.

The Clerk of Court mailed a copy of the order and the forms to Petitioner and Ms. Martinez at their respective addresses provided to the Court. The Postmaster has returned only that sent to Petitioner.[1] "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4.

---

[1] Petitioner is currently housed at another facility. *See* Doc. 12. https://locator.ice.gov/odls/#/results (last visited July 31, 2026). The Court directs the Clerk of Court to send this Report and Recommendation and the mail returned as Undeliverable, Docs. 13 and 14, to Petitioner at his current address.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action if the petitioner "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Courts have consistently interpreted this rule to permit sua sponte dismissal. *Huggins v. Sup. Ct. of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002))). And if dismissal is without prejudice, the court may dismiss without attention to the non-exhaustive list of factors that, by contrast, must inform a dismissal with prejudice. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.

Petitioner and Ms. Martinez appear pro se, but they must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (holding a pro se litigant "to the same rules of procedure as other litigants"). The undersigned finds that Petitioner and Ms. Martinez's failure to comply with this Court's orders and rules, together with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (noting Rule 41(b) permits courts "to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules

of civil procedures or court's orders"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution).

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this action without prejudice.

The undersigned advises Petitioner and Ms. Martinez of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 24, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Petitioner and Ms. Martinez that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 3rd day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE